UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14027-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

v.

BLAINE KORBIN HULTEN,

        Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Blaine Korbin HULTEN (hereinafter referred to as "the defendant"), together with his counsel, admits if this case were to proceed to trial, the government would be able to prove the allegations contained within count three of the Indictment, which charges the defendant with production of visual depictions involving sexual exploitation of minors, in violation of Title 18, United States Code, Section 2251(a) & (e), and the following facts, among others, beyond a reasonable doubt. The defendant also stipulates that those allegations, elements of the crimes and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

    1.    On March 24, 2022, Martin County Sheriff's Office (MCSO) Deputy Joseph Obermeyer learned about an unidentified male engaging in inappropriate contact with several minor females.

    2.    During a conversation with a witness, the witness alerted Detective Hau that she was aware of a minor who claimed to have had intercourse with the defendant, minor victim 5 (MV 5).



3.  Detective Hau met with MV 5, age 13, who explained that she met the defendant through mutual friends, and began a text conversation via Snapchat. During the text conversation, MV 5 told the defendant that she was 13 years old. MV 5 also explained that on or between November 2021 and December 2021, she met up with the defendant, and they had vaginal intercourse.

4.  On April 1, 2022, Detective Hau obtained a state search warrant for the content of the defendant's Snapchat account. In Snapchat chats between the defendant and MV 5, the defendant told MV 5 he was 21 and she told him she was 13, to which he responded, "wow ok I had no idea lol… U don't look so young."

5.  On January 9, 2022, the defendant had a conversation with MV 5 about where they could have sex, since he was homeless or living out of his car, and she was 13. He sent her a number of explicit videos of him engaging in sexual intercourse with a female or females, and told her that he "doesn't use protection," and that he will buy her "Plan B," so that even if he came in her, her body would "force a period basically." Approximately eight hours after these messages, the defendant messaged MV 5 again, stating that her "pussy doesn't smell" and he knows this because he smelled his hand after touching his penis, confirming that they had intercourse.

6.  The following day, January 10, 2022, the defendant messaged MV 5 and said, "I still feel weird about doing it but I'm glad you liked it… I did to [sic] just feel weird … it's a lot to process doing a 13 yr old."

7.  In April, 2022, MCSO Detective Matthew Killough, interviewed a sixth victim (MV 6), a 16-year-old female, who reported that a nude video of herself was disseminated to one of her friends at school without her consent. MV 6 explained that she had been dating the defendant for a few months, and that they had consensual sex eight times. She recalled that the

defendant asked if he could record them having sex and she agreed. She later discovered that the defendant took additional videos of them having sex, and shared them with another student via Snapchat. The defendant distributed some of the videos to MV 6 via Snapchat. Snapchat conversations between the defendant and MV 6, obtained pursuant to a state search warrant, confirmed that the defendant sent MV 6 a video of them having intercourse on March 25, 2022.

8. MV 6 verified that all of the videos appeared to be recorded on the same day, in her mother's home, while her mother was not home in Martin County.

9. On April 14, 2022, law enforcement interviewed the defendant post-*Miranda*. During the interview, the defendant initially admitted that he lived with MV 6 for a short period of time, that he had sex with MV 6, that he recorded them having sex, and that he sent one of the videos to MV 6. The defendant confirmed that he had sex with MV 5, and that while he was told she was 13, he thought she was a little older than 13.

- SPACE LEFT INTENTIONALLY BLANK -

10. The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove the elements of the following offenses beyond a reasonable doubt:

<u>Production of visual depictions involving sexual exploitation of minors</u>:

**First:** An actual minor, that is, a real person who was less than 18 years old, was depicted;

**Second:** the defendant used the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

**Third:** the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/5/23         By: _____
                           CHRISTOPHER H. HUDOCK
                           ASSISTANT UNITED STATES ATTORNEY

Date: 11/3/23         By: _____
                           SCOTT G. BERRY
                           ATTORNEY FOR DEFENDANT

Date: 11/3/23         By: _____
                           BLAINE KORBIN HULTEN
                           DEFENDANT